```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ROBERT SATI and FOA & SON
CORPORATION,
                                                                          MEMORANDUM OF
                              Plaintiffs,                                 DECISION & ORDER
                                                                          16–cv–02573 (ADS) (AYS)
            -against-

WELLS FARGO INSURANCE SERVICES,
INC.,

                              Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Westerman Ball Ederer Miller & Sharfstein LLP**
*Attorneys for the Plaintiffs*
1201 RXR Plaza
Uniondale, NY 11556
    By:    Philip J. Campisi, Esq., Of Counsel

**Fisher & Phillips LLP**
*Attorneys for the Defendant*
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974
    By:    Jason A. Storipan, Esq., Of Counsel

**SPATT, District Judge**:

      This is a diversity breach of contract action brought by the Plaintiffs Robert Sati ("Sati") and Foa & Son Corporation ("F&S") (collectively, the "Plaintiffs") against the Defendant Wells Fargo Insurance Services USA, Inc. (the "Defendant"). Before the Court is an unopposed motion by the Defendant pursuant to 28 U.S.C. § 1404 ("Section 1404") to transfer venue to the United States District Court for the Southern District of New York (the "SDNY"), where it has filed a related case against the Plaintiffs. For the following reasons, the Defendant's motion is granted.

1

# I. BACKGROUND

## A. Relevant Facts

The Plaintiff Sati is a resident of Yonkers, which is in the Southern District of New York. The Plaintiff F&S alleges that its principal place of business is in Suffolk County. However, the Defendant claims that the Plaintiff F&S' principal place of business is in New York County. The Defendant is a foreign corporation that offers insurance services throughout the United States. The Plaintiff Sati was employed by the Defendant in one of its Manhattan offices. It is unclear when he began working for the Defendant, but his employment ended on April 1, 2016 when he became employed by the Plaintiff F&S. The Plaintiff F&S is an insurance broker engaged in the sale or provision of insurance services and products.

The Plaintiff was originally employed by Acordia Northeast, Inc. ("Acordia"), a general insurance brokerage. In or about May 2011, the Defendant acquired Acordia and made it a subsidiary. In February 2007, Acordia was subsumed into the Defendant's corporation. The Plaintiff Sati alleges that Acordia demanded that he sign a non-disclosure and anti-piracy agreement (the "Agreement"), but that the Agreement did not contain any covenants made by Acordia or provide for any consideration from Acordia. The Plaintiff Sati alleges that on April 18, 2016, counsel for the Defendant sent him a letter stating that he was in violation of the Agreement because of his employment with the Plaintiff F&S. The Plaintiffs' sole cause of action in their initial complaint sought declaratory judgment from the Supreme Court of the State of New York, asking the court to declare the Agreement unenforceable.

**B. Procedural History**

    **1. The Present Action**

The Plaintiffs filed this action originally in the Supreme Court of the State of New York, Suffolk County on April 20, 2016. The Plaintiffs included the Agreement in their complaint. According to the Defendant, on April 25, 2016, counsel for the Plaintiffs emailed its counsel to ask if counsel for the Defendant would accept service of the complaint. The Defendant removed the present action to the United States District Court for the Eastern District of New York, and it was assigned to this Court in the Long Island Courthouse. It is unclear when the Defendant was served with the summons for the present action. The Defendant filed an answer to the complaint on May 27, 2016, and filed its motion for a change of venue on June 27, 2016. As noted above, the Plaintiffs have not filed a memorandum in opposition to the Defendant's motion for a change of venue.

    **2. The SDNY Action**

On April 25, 2016, the Defendant filed a complaint and an order to show cause against the Plaintiffs in the SDNY. It was assigned to Judge Alison J. Nathan and given docket number 16–cv–3041. The Defendant sought injunctive relief and damages against the Plaintiffs under various theories of contractual law. Specifically, the Defendant alleges that the Plaintiff Sati violated the Agreement by working for the Plaintiff F&S and by poaching clients from the Defendant. In short, the Defendant seeks judicial enforcement of the Agreement. The Defendant included the Agreement in its complaint. On April 26, 2016, counsel for both parties attended a court conference wherein Judge Nathan granted the Defendant's request for a preliminary injunction and set a schedule for briefing and discovery. The preliminary injunction enjoined the Plaintiffs from attempting to entice any more of the Defendant's clients.

## II. DISCUSSION

**A. As to the Defendant's Motion to Transfer Venue**

Section 1404 allows for transfer to any "district or division" where the action might have been brought. Such transfer is allowed "for the convenience of the witnesses or parties and in the interests of justice." 28 U.S.C. § 1404(a). The burden on such a motion is on the party seeking transfer. *Longo v. Wal–Mart Stores, Inc.,* 79 F. Supp. 2d 169, 170–71 (E.D.N.Y. 1999).

When considering whether the discretion to transfer should be exercised, the Court considers first whether venue is proper in the proposed transferee district. *Longo*, 79 F. Supp. 2d at 171; *Laumann Mfg. Corp. v. Castings U.S.A., Inc.,* 913 F. Supp. 712, 720 (E.D.N.Y. 1996); *see* 28 U.S.C. § 1404(a) (allowing for transfer to any district where the action "might have been brought"). If the proposed venue is proper, the court then considers whether transfer will serve the convenience of witnesses and parties and is in the interests of justice.

To make this latter determination, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum and (9) the interests of justice. *See, e.g., Blass v. Capital Int'l. Security Grp.,* No. 99–cv–5738, 2001 WL 301137, at *4 (E.D.N.Y. March 23, 2001); *Longo,* 79 F. Supp. 2d at 171.

**1. As to whether Venue Would Have Been Proper in the SDNY**

Federal jurisdiction for this case is based upon diversity jurisdiction. The applicable venue statute is 28 U.S.C. § 1391, which provides, in relevant part in subsection (b) that: "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all

defendants are residents of the State in which the district is located." A defendant entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(d).

The present action could have been brought in the SDNY, because the Defendant maintains an office there and is subject to the personal jurisdiction of that district.

**2. As to whether the Factors Favor Transferring Venue to the SDNY**

As stated above, the Plaintiffs have failed to respond to the Defendant's motion. Therefore, the Court examines the Defendant's arguments in favor of transfer, and finds that that the interests of justice favors a transfer.

Here, at least one of the Plaintiffs, if not both, reside in the SDNY, and the Defendant does as well. The Agreement concerns the Plaintiff Sati's employment with the Defendant in New York County. Most importantly, there is a case already pending in the SDNY which revolves around the same locus of facts—whether the Plaintiff Sati's employment with the Plaintiff F&S violates the Agreement between the Plaintiff Sati and the Defendant. The SDNY action appears to be further along than the present action, in that both parties have already appeared before the Court, and a schedule for discovery has been set.

"The goal of Section 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Blechman v. Ideal Health, Inc.,* 668 F. Supp. 2d 399, 403 (E.D.N.Y. 2009) (internal quotation marks and citations omitted). "Therefore, courts consistently recognize that the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." *Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA,* 720 F. Supp. 2d 213, 219 (E.D.N.Y. 2010); *Wald v. Bank of Am. Corp.,* 856 F. Supp. 2d 545, 550

5

(E.D.N.Y. 2012) (noting that the existence of another pending lawsuit in a different district may be "decisive" in the Court's consideration of a motion to transfer).

"There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wald,* 856 F. Supp. 2d at 550. (internal quotations omitted). For purposes of a motion to transfer, cases need only be related, not identical. *Delta Air Lines, Inc.,* 720 F. Supp. 2d at 219, n.4 (citing *Columbia Pictures Indus., Inc. v. Fung,* 447 F. Supp. 2d 306, 309 (S.D.N.Y. 2006)).

Therefore, the interests of justice dictate that this case be transferred to the SDNY, and the Plaintiff's motion for a change of venue is granted.

### III. CONCLUSION

Accordingly, the Plaintiff's motion for a change of venue pursuant to Section 1404 is granted, and this case is transferred to the United States District Court for the Southern District of New York. The Clerk of the Court is respectfully directed to effectuate the transfer and close the case.

It is **SO ORDERED:**

Dated: Central Islip, New York

December 5, 2016

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge